Judge Green,
delivered his opinion.
The plaintiff has construed the meaning of the instrument of writing on which he sues, to be, that if William Cobbs was not found guilty of murder in the first degree, and sentenced for that crime before the time appointed for the payment of the money, he was thereupon entitled to the $ 200; and has accordingly averred in his declaration, that William Cobbs was not sentenced for murder in the first degree. . The defendant construed it to mean, that the plaintiff was not entitled to the money, until William Cobbs was acquitted of murder in the first degree; and has *487 accordingly pleaded, that William, Cobbs had never been arraigned, tried, and acquitted of murder in the first degrec, and that the prosecution is still depending. The dexnurrer to this plea fairly presents the question, which of those constructions is proper? If the defendant’s construction is proper, the declaration is defective, in not averring, that William Cobbs was acquitted of murder in the first degree.
The literal terms of the stipulation, favor the plaintiff’s construction. A stipulation to pay on a particular day, unless some event shall happen, which, in its nature, may happen either before or after that day, seems to me necessarily to imply, that the money is to he paid, if the event does not happen before that day. Every contract ought to be construed so as to give it effect, according to the real intent of the parlies, to be collected from all the terms of the agreement; and when the expressions are equivocal, such intent gathered from the whole of the instrument, must determine the meaning of such expressions. If the terms conflict, or are so inconsistent that the intent of the parties cannot be ascertained, the contract may be nugatory, by reason of such uncertainty; a consequence which should be avoided, if possible. The parlies must have intended something by their agreement. I am not, however, apprised that it has ever been held, that a construction can be put upon a contract, directly contradicting all of its express stipulations.
The construction put upon the contract under consideration, by the defendant, would contradict all its stipulations. The contract stipulates for the payment of the money, on a specified day. By the defendant’s construction, the money would never bo payable, if the party were never acquitted or convicted, in consequence of his death or flight; and even in case of his acquittal after the day appointed for payment, not until such acquittal. The contract is, that the money shall be paid, if the accused was not convicted. The defendant’s construction is, that it \Ya$ to he *488 paid, if he was acquitted. These two conditions are direct]y contradictory; for the accused might die or fly the country, and never return; in neither of which cases, could acquitted, although, in the latter case, the prosecution might be continued as long as the prosecutor chose to continue it. In both these cases, he could never be convicted. So that, if it depended upon his acquittal, the money would never be payable; but if it depended upon his not being convicted, it would be payable certainly at some time. Nor is it at all improbable, that the parties meant precisely what they said. An attorney might well be supposed to contract for his services, upon the terms that if the accused was tried and convicted before a given day, he would receive nothing for his services; but if tried and not convicted before that day, or not convicted, for any other cause before that day, that a compensation should be paid for his attention to the case; and that, for the express purpose of guarding against the loss of his compensation, not by his own default, but by the death or flight of the accused. To give the effect to the contract, contended for by the plaintiff, it is only necessary to supply one term in the contract, not contradicting any of its stipulations, but implied from them. The defendant’s construction, would require that all the stipulations of the contract should be precisely reversed.
Suppose the attorney had undertaken upon the face of the agreement to acquit the accused, and the defendant had undertaken, in consideration of the performance of the plaintiff’s covenant, to pay $200 on the 12 th of September, 1819. There would then have been stronger ground, than in the present case, for the defendant to contend, that the true construction of the contract was, that the money was to be paid on the 12th of September, 1819, if the accused was acquitted by that time, or if not, then when he was acquitted, and not until then; and to plead with effect, that he was not acquitted. But such a plea, in such a case, would not avail him; and he would be left to his remedy against *489 the plaintiff, upon his covenant, if he did not acquit him. And even in that case, the plaintiff would not be liable, in case of the death or flight of the accused; since the failure of the plaintiff to perform his covenant, would be without his default. Thus in Sir Thomas Wroth's Case, Vin. Abr. “ Condition,” B. 6, pl. 11, § 2, an annuity being granted to an attorney or physician, for his life, pro consilio impendendo, if the grantor dies, this does not determine the annuity; for the grantee is disabled from performing his covenant, without his default, and by the act of God; and it is a familiar rule laid down by Holt, Chief Justice, in Thorp v. Thorp, 12 Mod. 461, and continually admitted since, that if the thing which is the consideration of an agreement to pay money, on a given day, may happen after that day, the happening or performance of the thing is not a condition precedent to the right to demand payment of the money, on the appointed day; and when a covenant could not, in its nature, be performed by the plaintiff, before the day appointed for the payment of the money, and the payment was to be made in consideration of the performance of the covenant, and the covenant was broken before the day of payment, it was held not to bar the action for the money. Because the covenant was not originally a condition precedent to the payment of the money. Hunlocke v. Blacklowe, 2 Saund. 155. The covenant in that case was in the negative, and could not be performed during the plaintiff’s life; and the defendant was left to his remedy upon the plaintiff’s covenant.
In the ease at bar, although the plaintiff has made no covenant, on his part, on the face of the paper which he sues upon, yet he probably undertook to render services in some way, in the defence of William Cobbs, which were the consideration of the defendant’s undertaking to him. Whatever this undertaking was, although by parol, if he has not performed it, or been properly excused from performing ;!, he is liable to the defendant in damages.
*490 The objection to the declaration, that it fails to charge that the defendant has not paid the money, I think is not well founded. In all the cases referred to, there was a total want of averment of non-payment to some one who was, at some time, entitled to receive the money. But in this case, the declaration alledges that the defendant “ the aforesaid several sums, hath and does refuse to pay.” This averment, although not full and formal, is yet not so defective as that the Court cannot give a judgment on this verdict, according to the very right of the case; and is therefore, not objectionable, on a general demurrer.
I am of opinion, that the judgment should be affirmed.
The other Judges concurred, and the judgment was affirmed.*

 The. President, absent.